HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MERRY GAGG,

    Plaintiff,

    v.

ALLIED CASH ADVANCE, et al,

    Defendant.

CASE NO. C10-5257RBL

ORDER

THIS MATTER is before the Court on Defendant[1] Allied Cash's Motion for Determination of [Plaintiff's] Recoverable Fees and Costs [Dkt. #26]. Defendant concedes that Plaintiff is entitled to an award of fees and costs, but seek to limit the scope of that award. Plaintiff's application for attorneys' fees and costs is contained in her Response to the Defendant's Motion. [Dkt. #29]. For the reasons set forth below, the Court awards Plaintiff fees and costs in a reduced amount.

**BACKGROUND**

Allied Cash offered to allow judgment against it in the amount of $65,000 "plus the reasonable attorneys' fees and costs incurred through July 30, 2010 in connection with the

---

[1] As did the parties, the Court refers to Defendants collectively as "Allied Cash."

present action (USDC W.D. Wash. Cause No. CV10-05257RBL)." [Exh. F to Decl. of McIntyre, Dkt. #27.] Plaintiff accepted this Offer of Judgment, and the principal amount has apparently been paid. Left for the Court's determination is the amount of reasonable attorneys' fees and costs to be paid by Allied Cash.

**1. Fees Incurred Before The EEOC Are Recoverable.**

The Defendant's Offer of Judgment stated that the end date for fees was July 30, 2010, but the Offer does not specify the commencement date for recoverable fees. The parties disagree as to what fees were incurred "in connection with this action." Defendant contends that this phrase necessarily implies that only those fees and costs incurred after the filing of the complaint in this case are recoverable under the Offer of Judgment. Plaintiff contends that fees and costs incurred prior to that time, including those incurred while the Plaintiff was pursuing her complaint before the Equal Employment Opportunity Commission, are recoverable.

The EEOC administrative proceeding is often an essential part of employment discrimination litigation. The EEOC interviews the parties, reviews documents, and issues a Right of Sue Letter. In this case, the Right of Sue Letter was a necessary prerequisite for commencing Plaintiff's civil rights litigation, and advancing it to the stage it reached before settlement.

The Offer of Judgment does not specify a start day for incurring fees. It does not specifically exclude those fees incurred before the EEOC, and it is not expressly limited to only those fees incurred after the date this litigation was filed. Instead, it states that fees incurred "in connection with the present action" are recoverable. This language is broad enough to cover those fees incurred in the effort before the EEOC, as the first segment of the larger objective of

the lawsuit.  The Plaintiff's attorney's  EEOC administrative work was " in connection with the present action" and is therefore not excludable under the Offer of Judgment.

***

The Defendant's Offer of Judgment also provided that the fees would be determined according to the lodestar method (hours x reasonable rate), with no mark-up or multiplier.  In order to determine reasonable attorneys fees, the court applies the "the *Kerr*[2] factors."

**2.  Reasonable Hourly Rate**

The Court determines the amount of attorney's fees to be awarded using a two-step process.  *See Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).  The first step is to calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate.  *Ballen*, 446 F.3d at 746; *McGrath*, 67 F.3d at 252; *Chuong Van Phom v. City of Seattle, Seattle City Light*, 159 Wn. 2d 527, 538, 151 P.3d 976 (2007).  The Court should then decide whether to adjust the lodestar figure up or down based on any *Kerr* factors which have not already subsumed in the lodestar calculation.  The terms of the Offer of Judgment simply require an award of fees which compensates the time expended at an appropriate rate.

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community."  *Bell v. Clackamas County*, 341 F.3d 858, 861 (9th Cir. 2003).  The rates of

---

[2] The twelve *Kerr* factors are:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).  These considerations are consistent with Washington Rule of Professional Conduct 1.5.

comparable attorneys in the forum district are usually used.  *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).  In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees.  *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Defendant challenges the Plaintiff's claimed hourly rate of $350 by comparing it to the $225 hourly rate charged by a local defense counsel.  Defense attorneys bill every minute they work, and every minute they bill, they collect.  The plaintiff's attorney has considerable risk involved in every case.  This factor alone justifies the Plaintiff's attorney's claimed hourly rate.  The other factors of experience, skill and reputation justify the rate of $350 per hour.

**3.  Reasonable Number of Hours**

In determining the reasonable number of hours, the Court may exclude those hours that are excessive, redundant, or otherwise unnecessary.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 434 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

For the reasons discussed above, attorneys' fees and costs incurred after July 30, 2010 are not recoverable. Entries to that date are awarded as submitted.  This Order awarding fees and costs excludes 4.2 hours incurred after July 30, 2010, at the rate of $350, for a sum of $1,470.

The Plaintiff's attorneys' fee application is approved in the amount of $40,260.50.  costs in the amount of $956.00 are also awarded.  The combined award, then, is $41,216.50.

IT IS SO ORDERED.

Dated this 16th day of May, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE